# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRENE ASTUDILLO, *Plaintiff*, v. SALON MACOMB, LLC, *et al.*, *Defendants*. | Civil Action No. 24-2294 (SLS) Judge Sparkle L. Sooknanan |

### MEMORANDUM OPINION

The Plaintiff, Irene Astudillo, sued Salon Macomb, LLC and Murat F. Akedemir to recover damages under the Fair Labor Standards Act (FLSA), the D.C. Minimum Wage Act Revision Act of 1992 (DCMWA), and the D.C. Wage Payment and Collection Law (DCWPL). Ms. Astudillo has since moved to amend her Complaint. The Court grants the motion.

### BACKGROUND

**A.    Factual Background**

Irene Astudillo worked at Salon Macomb "from roughly 2015 through September 30, 2024." Compl. ¶ 8, ECF No. 1. Salon Macomb was "owned and controlled by [Mr.] Akedemir." *Id.* ¶13. During the course of her employment, she was paid "an hourly rate between $15.00 and $16.10 per hour." *Id.* ¶ 9. While she "frequently worked over forty hours per week," *id.* ¶ 10, the "Defendants failed to pay [her] at one-and-half times (1.5x) per hourly rate for her hours worked over forty," *id.* ¶ 11. Ms. Astudillo's primary work duties "did not qualify for exemption under FLSA, DCMWA, or DCWPCL." *Id.* ¶ 14. And she claims that the "Defendants' failure and refusal to pay [her] the wages she rightfully earned as required by the FLSA, DCMWA, and the DCWPL,

including overtime at one-and-half times (1.5x) her regular rate, was willful and intentional, and was not in good faith." *Id.* ¶ 15.

### B. Procedural Background

Ms. Astudillo filed her Complaint on August 5, 2024, alleging violations of the FLSA, the DCMWA, and the DCWPL. *See* Compl. On April 29, 2025, Ms. Astudillo filed a Motion to Amend her Complaint under Federal Rule of Civil Procedure 15(a)(2) "to provide additional factual support, particularly for [her] allegations concerning enterprise and individual coverage under 29 U.S.C. §§ 203(s), 206–207 of the Federal Fair Labor Standards Act of 1938[.]" Mot. Amend at 1, ECF No. 27. The motion is fully briefed. *See* Defs.' Opp'n, ECF No. 28; Pl.'s Reply, ECF No. 29.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course [within] . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Outside of that time, Rule 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason" like "undue delay, bad faith or dilatory motive on the part of the movant," "leave [to amend] . . . should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend if it would lead to "undue prejudice to the opposing party," or if it "would not survive a motion to dismiss." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman*, 371 U.S. at 182). But it is "an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive repeated failure to cure deficiencies by previous amendments or futility of amendment.'" *Joel v. Howard Univ.*, No. 24-cv-1655, 2025 WL 358769, at *1 (D.D.C. Jan. 31, 2025) (quoting *Foman*, 371 U.S. at 182) (cleaned up).

## DISCUSSION

Ms. Astudillo seeks to amend her Complaint pursuant to Rule 15(a)(2), and the Defendants oppose the amendment. Ms. Astudillo seeks to amend (1) to specify that Salon Macomb meets the FLSA threshold under the rolling quarter method,[1] (2) to specify that Salon Macomb qualifies as an enterprise engaging in commerce because it had employees who worked on or sold goods that have been moved or produced for commerce, and (3) to add details to show that the Plaintiff travelled across state lines for her job to individually qualify for coverage under the FLSA.[2] *See* Mot. Amend, Ex. B at 2–3, ECF No. 27-2. Ms. Astudillo argues that she is "seeking leave to amend early and at a reasonable juncture" where the parties have only "engaged in discovery for approximately two months" and "the Defendants will not be unduly prejudiced by the proposed amendment." Mot. Amend, at 3–4. The Defendants counter that "this is just another ploy by the Plaintiff to derail the [Defendants'] Summary Judgment motion schedule, prolong discovery and prejudice [the] Defendant[s] by causing [them] to incur further unnecessary expense in defending this baseless lawsuit." Defs.' Opp'n at 2. The Defendants' arguments are unpersuasive.

---

[1] Some courts apply the "rolling quarter" method to determine whether an enterprise is covered by the FLSA. *See, e.g.*, *Burnley v. Short*, 730 F.2d 136, 138 (4th Cir. 1984) (citing 29 C.F.R. § 779.266(b)) (explaining that under the rolling quarter method, "an employer determines whether it is covered by the FLSA at the beginning of each quarter by calculating its annual dollar volume based on the sum of the four preceding quarters").

[2] In addition to these proposed amendments, Ms. Astudillo seeks to amend to (1) "provide[] an example of a workweek in which [the] Defendants failed to pay [Ms. Astudillo] overtime compensation to ensure that [her] Complaint is consistent with the evolving pleading requirements for overtime claims," and (2) "clarif[y] that Count III seeks unpaid minimum wages because [the] Defendants have expressed confusion as to whether the Complaint seeks such wages." Mot. Amend at 4 n.2; *see also id.*, Ex. B at 5–6, 7. The Defendants argue that they were unaware of Ms. Astudillo's request for unpaid minimum wages. *See* Defs.' Opp'n at 8 ("Nowhere in Count III is there an assertion of a claim for unpaid minimum wages."). But in the same filing, they assert that Ms. Astudillo "informed [them that] she was requesting 'a workman's compensation' of $25,000" for a "calculation applying [a] Minium Wage Salary[.]" *Id.* at 3; *see also id.* at 3–5. The Defendants thus appear to be on notice of the Plaintiff's intent to seek unpaid minimum wages.

In this Circuit, it is "common ground that Rule 15 embodies a generally favorable policy toward amendments." *Davis v. Liberty Mut. Ins.*, 871 F.2d 1134, 1136–37 (D.C. Cir. 1989) (internal citations omitted). Courts must "freely" give leave to amend unless the non-moving party establishes "undue delay, bad faith, dilatory motive, . . . repeated failure to cure deficiencies . . ., undue prejudice . . ., [or] futility of the amendment." *Foman*, 371 U.S. at 182. The Defendants argue that Ms. Astudillo's proposed amendments are futile. They claim that "[n]othing[] in [the] Plaintiff's Motion to Amend Complaint will change the fact that [the] Defendants' gross sales or business done did not exceed $500,000 . . . or the fact that as the shampooer, [the] Plaintiff was not engaged in commerce." Defs.' Opp'n at 18–19. But these factual disputes do not establish that the proposed amendments are futile. *See, e.g.*, *In re Interbank Funding Corp. Securities Litigation*, 629 F.3d 213, 218 (D.C. Cir. 2010) (holding that proposed amendments are futile when they fail to adequately plead the elements of a claim). Rather, the Court finds that the proposed amendments clarify the allegations in the Complaint. *See supra*, at 3. The Defendants also state that the "[t]he record in this case is overflowing with evidence of [the] Plaintiff's 'bad faith' and dilatory motives." Defs.' Opp'n at 16. But the Defendants make no "affirmative showing" to support their bald assertion. *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017).

The interests of justice also weigh in favor of permitting amendment. Ms. Astudillo's FLSA claim is the sole basis for this Court's federal question jurisdiction. *See* 28 U.S.C. §1331. And for the FLSA to apply, Ms. Astudillo must establish that Salon Macomb surpasses a dollar amount threshold of "annual gross volume of sales made or business done is not less than $500,000," 29 U.S.C. § 203(s)(1)(A)(ii), or she must show that she engaged in commerce while working as an employee of Salon Macomb, *see* 29 U.S.C. §§ 206, 207. The Court thus permits amendment to give Ms. Astudillo an opportunity to establish jurisdiction. *See, e.g.*, *Robinson v.*

4

*CAS 4000 Kansas LLC*, 5 F. Supp. 3d 108, 110–11 (D.D.C. 2013) (permitting amendment to give the plaintiff the chance to establish jurisdiction on FLSA claims).

## CONCLUSION

For these reasons, the Court grants the Plaintiff's Motion to Amend, ECF No. 27, and orders the Plaintiff to file her Amended Complaint within seven days.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   June 3, 2025